# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS HOF, *et al.*, | ) |
| Plaintiffs, | ) Case No.: 2:18-cv-00543-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| ANDREW BORASKY, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion for Judgment on the Pleadings, (ECF No. 13), filed by Defendants Andrew Borasky and Nye County, Nevada (collectively "Defendants"). Plaintiffs Dennis Hof, Donald Cox, and Joseph Burdzinski (collectively "Plaintiffs") filed a Response, (ECF No. 14), and Defendants filed a Reply, (ECF No. 15).[1]  For the reasons stated herein, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

## I. BACKGROUND

This action arises out of alleged defamatory statements made at the close of a Nye County Commission meeting. (Am. Compl. ¶ 20, Ex. 3 to Pet. of Removal, ECF No. 1-3). The statements occurred on November 28, 2017, when Defendant Borasky—a Nye County Commissioner—allegedly indicated that he had a "gut feeling that someone was going to murder him and that someone was one of the three named Plaintiffs". (*Id.* ¶ 21).  According to Plaintiffs, Defendant Borasky further indicated that "[t]hree persons had his number" and "[i]f my life is taken away from me it would have been one." (*Id* ¶ 20).

Following the incident, Plaintiffs allege that the statements were published at the "scheduled commission meeting" and "recorded and available to the public on the Nye County

---

[1] On October 17, 2018, Defendants filed a Suggestion of Death upon the record in reference to Plaintiff Dennis Hof. (Suggestion of Death, ECF No. 18). To date, a successor has not been substituted in this action. The Court discusses the effects of this filing in greater detail below.

Website." (*Id.* ¶ 22). Additionally, Plaintiffs allege that members of the general public heard the statements when a video of the incident "was aired by local news channel KPVM, posted to the Board of County Commissioners website, and [] additionally posted on YouTube . . .." (*Id.* ¶ 27). As a result of these publications, Plaintiffs claim to have "suffered loss of their reputations, shame, mortification, as well as emotional and economic damages . . .." (*Id.* ¶ 29).

On February 16, 2018, Plaintiffs filed a Complaint in state court asserting claims for: (1) Defamation; (2) Intentional Infliction of Emotional Distress; and (3) Intentional Interference with a Prospective Economic Advantage. (Compl., Ex. 1 to Pet. of Removal, ECF No. 1-1). Shortly thereafter, Plaintiffs filed an Amended Complaint, which added causes of action under 42 U.S.C. § 1983 and state law negligence. (Am. Compl., Ex. 3 to Pet. of Removal). On March 26, 2018, Defendants removed the action to this Court based on federal question jurisdiction. (Pet. of Removal, ECF No. 1). Defendants now move for judgment on the pleadings on each of Plaintiffs' causes of action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, "[a]nalysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.*

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### 1. Plaintiffs' State Law Claims

On September 12, 2018, Plaintiffs filed a Motion for Voluntary Dismissal, (ECF No. 16), requesting dismissal of their state law claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). On September 24, 2018, Defendants filed a Notice of Non-Opposition to Plaintiffs' Motion. (Non-Opposition, ECF No. 17). In light of this non-opposition, the Court grants Plaintiffs' Motion for Voluntary Dismissal and dismisses Plaintiffs' state law claims without prejudice. *See* Fed. R. Civ. P. 41(a)(2) (stating that an action may be dismissed at the plaintiff's request by court order, on terms that the court considers proper).

### 2. Plaintiffs' 42 U.S.C. § 1983 Claim

To sustain an action under Section 1983, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In the Amended Complaint, Plaintiffs appear to advance two separate theories to support their Section 1983 claim: (1) defamation in violation of the Fourteenth Amendment; and (2) *Monell* liability based on deliberate indifference. (*See* Am.

Compl. ¶¶ 39–53, Ex. 3 to Pet. of Removal). The Court addresses the sufficiency of each theory in turn.

### A) *Defamation in Violation of the Fourteenth Amendment*

Plaintiffs allege that Defendant Borasky made slanderous statements towards them, which resulted in "reputational and economic harm." (*See id.* ¶¶ 43, 52). In order to establish a Section 1983 claim based on defamatory statements, the alleged defamation must be accompanied by the loss or alteration of a right or status recognized by law. *Partington v. Gedan,* 961 F.2d 852, 860–61 (9th Cir. 1992); *Hyland v. Wonder,* 972 F.2d 1129, 1142 (9th Cir. 1992); *see also Siegert v. Gilley,* 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.")

Here, beyond the conclusory assertion that their Fourteenth Amendment rights were violated, Plaintiffs do not allege the loss of any constitutionally protected property or liberty interest. While Plaintiffs do allege reputational harm, it is well established that damage to reputation alone is not a liberty or property interested protected by the Constitution. *See Miller v. California*, 355 F.3d 1172, 1178 (9th Cir. 2004) (citing *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Similarly, with respect to Plaintiffs' vague assertion of "economic" harm, Plaintiffs fail to provide any supporting allegations to implicate a constitutionally protected interest. The Court therefore finds that Plaintiffs have failed to state a claim for defamation under 42 U.S.C. § 1983.

### B) *Policies of Deliberate Indifference*

Plaintiffs assert that Defendant Nye County has "a widespread pattern of deliberately indifferent policies concerning the interjection of Commissioners['] feelings towards people in the community . . .." (Am. Compl. ¶ 45, Ex. 3 to Pet. of Removal). According to Plaintiffs, these policies include "refusing to punish commissioners for making such statements, refusing

to regulate these types of comments being made in open meetings, and [] ratifying such behavior." (*Id.*). Additionally, Plaintiffs assert that Defendant Nye County has deliberately indifferent training and supervision, which allows commissioners to engage in the above-described conduct. (*See id.* ¶¶ 45–49).

To bring a claim for the deprivation of a constitutional right by a municipality, a plaintiff must establish: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the [P]laintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989)); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

As noted above, Plaintiffs do not sufficiently allege that Defendants' conduct resulted in the loss of a constitutional right or interest. Plaintiffs therefore fail to satisfy the first element under *Monell*. With respect to the remaining elements, Plaintiffs' Amended Complaint lacks the required factual specificity to meet the federal pleading standards. *See* Fed. R. Civ. P. 8(a). Notably, Plaintiffs fail to provide any supporting allegations to connect Defendant Nye County's purported policy or custom of allowing commissioners to interject their "feelings towards people in the community" to any purported constitutional violation. As noted above, the policy at issue must be the "moving force" behind the deprivation of a constitutional right. *See Oviatt By & Through Waugh*, 954 F.2d at 1474. Similarly, Plaintiffs' allegations concerning supervision and training fail to identify any particular deficiency or explain how the lack of training caused Plaintiffs to suffer a constitutional violation. *See Bowie v. Lombardo, et al.*, No. 2:18–CV–00686–GMN–PAL, 2019 WL 720974, at *6 (D. Nev. Feb. 20, 2019) (finding similar conclusory assertions insufficient to state a *Monell* claim for failure to train or supervise). As is, the allegations in Plaintiffs' Amended Complaint are akin to the bare

recitation of elements disallowed by the Supreme Court. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (affirming dismissal of a *Monell* claim that "lack[ed] any factual allegations that would separate [it] from the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*."). The Court therefore finds that Plaintiffs have failed to state a *Monell* claim under 42 U.S.C. § 1983.

### 3. Leave to Amend

#### *A) Availability of Leave to Amend*

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although traditionally applied to motions under Rule 12(b)(6), the Ninth Circuit has recognized that leave to amend also applies to motions raised under Rule 12(c). *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

Here, the Court finds that Plaintiffs may be able to plead additional facts to support their Section 1983 claim. Accordingly, the Court will grant Plaintiffs leave to file an amended complaint.

#### *B) Deadline to File Amended Complaint*

As mentioned *supra*, on October 17, 2018, Defendants filed a Suggestion of Death upon the record in reference to Plaintiff Dennis Hof. (Suggestion of Death, ECF No. 18). On January 3, 2019, Defendants filed a declaration indicating the Suggestion of Death had been served on Dennis Hof's successor. (Decl., ECF No. 21). Pursuant to Federal Rule of Civil Procedure 25(a), "any party or [] the decedent's successor or representative" has ninety (90) days from the date of service to file a motion for substitution. A motion for substitution is

therefore due by April 2, 2019. If the motion is not filed by this date, Plaintiff Dennis Hoff will be dismissed from the action.

In light of this procedural posture, the Court sets the following deadlines for Plaintiffs' amended complaint: (1) if a motion for substitution is filed, Plaintiffs shall file their amended complaint within twenty-one days of the date the motion for substitution is ruled upon; (2) if a motion for substitution is not filed, Plaintiffs shall have until April 23, 2019, to file their amended complaint. Plaintiffs should only file an amended complaint if they are able to allege sufficient facts to plausibly establish their Section 1983 claim against Defendants. Failure to file an amended complaint in accordance with the above deadlines shall result in the Court dismissing this case with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings, (ECF No. 13), is **GRANTED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Voluntary Dismissal, (ECF No. 16), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their amended complaint in accordance with the above-discussed deadlines. Failure to file an amended complaint in accordance with these deadlines shall result in the court dismissing this case with prejudice.

**DATED** this __4__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge